SKYM et al. v. WESKE CONSOLIDATED CO. et al.

Sac. No. 167; December 18, 1896.

47 Pac. 116.

Mining Contract—Laborer's Lien.—A Contract for Labor on a mine provided that the laborers should receive certain supplies in part payment, and that, after those supplies were paid for, the balance of income remaining should be divided pro rata to the extent of each laborer's wages at three dollars per day. In case of failure of profits, the personal property of the mine should be sold to pay the wages due. Held, that, in the absence of anything to show a profit, an action would not lie to enforce a lien for wages unless it were alleged and proved that there had been a request for a sale of the personal property, and a refusal on the part of the owner.

Mining Contract—Laborer's Lien.—The Contract not Being Restricted in application to the labor performed after it was signed, the actual time of signing is immaterial.

Mining Contract—Laborer's Lien.—The Date When the Contract purported to be signed by plaintiff is conclusive evidence that the labor performed after that date was done subject to its terms.

Mining Contract—Laborer's Lien.—Evidence That a Contract purporting to have been made by plaintiff was read to him, he being unable to read or write, with comments thereon representing that it meant something very different from its true meaning, and that thereupon he assented to it, and authorized his name to be signed thereto, is sufficient to justify a finding that plaintiff did not make the contract.

Attorneys' Fees.—A Judgment for Attorneys' Fees in an Amount in excess of that claimed in the complaint cannot be sustained.

Appeal.—A Finding Based on Conflicting Evidence will not be disturbed on appeal.

APPEAL from Superior Court, Placer County; J. E. Prewett, Judge.

Action by Archibald Skym and others against the Weske Consolidated Company, William Muir and others. From a judgment for plaintiffs, defendant Muir appeals. Modified.

F. P. Tuttle and Pullen & Wallace for appellant; John M. Fulweiler and Ben P. Tabor for respondents.

HAYNES, C.—This action was brought by the plaintiffs to foreclose their several alleged liens for labor performed by them, respectively, upon the Weske Consolidated Placer Mine, of which all the defendants were alleged to be reputed owners, and that defendant Muir was the person in charge, and by whom they were employed. Muir answered, alleging that at all the times covered by the alleged claims of the several plaintiffs he was and is the sole owner of said mining property. He admitted the employment of the several plaintiffs, the length of time they had labored in the mine, and, except as to plaintiff Skym, the rate of wages agreed upon. He alleged, however, that the labor performed by the plaintiffs, respectively, was under a special agreement, a copy of which was attached to his answer, and which reads as follows:

"We, the undersigned, laborers of the Weske and Mattan claims, accept and subscribe to the following terms, to wit: (1) We agree to receive our board, tobacco, and clothes. (2) The balance due us to be received over and above expenses for supplies, etc., for working mine. (3) The provision bill and supplies for the mine to be paid first, and the balance over to be divided pro rata amongst us until such pro rata makes up our full quota of three dollars per day.

"If I, Wm. Muir, should fail to pay from proceeds hereinbefore referred, I, Wm. Muir, agree to co-operate with men in making sales of all personal property to make up said wages with the least possible cost.

                                    "WM. MUIR."

This agreement was signed by plaintiff Skym under date of April 15, 1893, and by plaintiff Jones under date of December 21, 1893, but does not show that it was signed by plaintiff Bowen. This agreement was set out in the finding made by the court, and in relation to said agreement the court found that the defendant William Muir did not perform the conditions of said agreement, and thereafter, and before the fourth day of August, 1894, failed and refused at divers times to co-operate with the said Skym in making sales of personal property to pay the wages due to the said plaintiffs Skym and Jones, or to perform the other conditions of said agreement by him to be performed. No question was made as to the form

or sufficiency of the said liens filed, and the court sustained
the lien of plaintiff Bowen, who had not signed said agree-
ment, and denied the liens of plaintiffs Skym and Jones, but
gave personal judgment against defendant Muir for the
amount found due said Skym and Jones, respectively, and
entered judgment foreclosing the lien of plaintiff Bowen.
Defendant Muir moved for a new trial, his motion was denied,
and this appeal is from the judgment and the order denying
his said motion.

The only errors specified go to the sufficiency of the evi-
dence to justify the findings, and to an alleged variance be-
tween the allegations of the complaint and the evidence.   The
genuineness and due execution of said agreement were not
denied under oath, and were therefore admitted: Code Civ.
Proc., sec. 448.  It was also alleged in the answer that by
mistake there was omitted from said agreement a provision
to the effect that, in case any of the laborers quit work before
they had been paid from the proceeds of the mine, they should
forfeit all claim to compensation, and that by mistake the
name of respondent Bowen was not subscribed to the contract;
and a reformation of the contract is sought as to these alleged
omissions.  The court found against appellant in relation to
these alleged mistakes and omissions, and, as the evidence was
conflicting, that finding cannot now be disturbed.  The alle-
gations of the complaint in respect to the hiring of the plain-
tiffs, respectively, were that a contract was entered into with
each of them, whereby it was mutually agreed and contracted
that the defendants should hire said plaintiffs to work as
miners in said mining claims at the agreed price of three dol-
lars per day, payable in cash, gold coin, as fast as said labor
was performed; that such hiring should continue as long as
mutually agreeable; and that, in pursuance of said contract,
said plaintiffs worked the number of days alleged.  The find-
ings of the court substantially followed the language of the
complaint as to the agreement or terms of hiring, but inserted
the words "except as modified as hereinafter stated," and in
the next finding set out the said written agreement, a copy of
which the defendant attached to his answer.  The written
agreement fixed the wages of the laborers who signed it
(unless as to plaintiff Skym), and the mode or manner of pay-
ment, and the sources from which payment should be made.
It is true, there is no clause declaring that, if the employees

should quit before enough to pay them had been realized from the mine, they should forfeit all pay except that which they had received before quitting; and we may further assume that, after the profits of the mine and the proceeds of the personal property had been exhausted, appellant would be personally liable to those who signed the contract for any deficiency, since the rate of wages was fixed, and there was no provision by which any part of their wages should, in any contingency, be forfeited. But we think it equally clear that, as to those who signed said contract, no part of their compensation became due except that which they were to take in boarding, tobacco and clothes, until it should be realized from the profits of the mine, and if no profits, or insufficient profits, were realized, until a refusal on the part of Muir to apply the personal property or its proceeds to the payment of their wages. If the plaintiffs Skym and Jones had set out this agreement in their complaint, it is evident they would not have stated a cause of action without alleging facts showing a breach of the contract by defendant Muir, since the mere statement of the amount earned, and that a certain balance was unpaid, would not show that such balance was due or payable when the action was commenced.

Whether, in view of the allegations of the complaint as to the terms of the contract under which the labor was performed, and the admission made by the plaintiffs by their failure to deny the genuineness and due execution of the written contract set out in the answer and the testimony relating thereto, there was a material variance between the allegations of the complaint and the evidence, as appellant contends, or whether it was a failure to prove the contract alleged by the plaintiffs, need not be determined. By whatever name it may be called, the result must be the same. It was realized by the court below that, as to the plaintiffs Skym and Jones, the written contract, if performed by Muir, must defeat their action; but the court found, as to each of said plaintiffs, that defendant Muir "did not perform the conditions of said agreement, and thereafter, and before the fourth day of August, 1894, failed and refused at divers times to co-operate with the said Skym in making sales of personal property to pay the wages due and owing to said Skym, or to perform the other conditions of said agreement by him to be performed, and on the fourth day of August, 1894, there was and became due and

owing to plaintiff Skym on said contract of employment'' the sum demanded. A similar finding was made as to plaintiff Jones. These findings are not sustained by the evidence. There is no evidence tending to show that anything was realized from the mine beyond the expenses, which, under the agreement, were to be first paid. Skym was foreman, and he testified that but little was taken out of the mine, and nowhere is there any evidence that any profit was realized, which, under the contract, was to be distributed to the men; nor is it shown that the enterprise was abandoned, nor that any request was ever made for the sale of the personal property, or that there was no personal property to be sold. It is therefore clear that as to the judgments in favor of Skym and Jones there must be a reversal. It may be that, upon the facts as they really exist, Skym and Jones may each be entitled to a personal judgment against defendant Muir. What is now decided as to them is that, upon the pleadings, and the evidence appearing in the record, neither of them is entitled to such judgment.

Some question is made as to when the written contract was signed. As to Skym and Jones, the dates attached to their signatures, whether the true dates at which their signatures were written or not, are, in the absence of satisfactory evidence to the contrary, conclusive evidence that the labor performed after that date was done under its terms and conditions; and we also think that the time when the contract was actually signed is immaterial, for the reason that it was not limited to work done thereafter, and that it applied as well to compensation theretofore earned, and remaining unpaid, as to earnings which accrued thereafter.

In the absence of proper allegations and proof of mistake or omission in the written agreement touching the wages of plaintiff Skym, he is bound by the rate therein expressed. The facts affecting Bowen's judgment are different. His name was not signed to the contract. Concerning this agreement, Bowen testified: That he did not have an understanding with Muir that he was to get three dollars per day, that he was to furnish him with grub, clothing and tobacco, and that he was to look for the balance of the three dollars per day from the mine itself. That Muir wanted him to sign this paper, and he asked him what he wanted him to sign that for, and he said, ''Only to get my money''; that when they got

down they would have plenty of money; that he meant from No. 3, which is a tunnel. That Muir said there was plenty in there, and it was coming out of the mine. He further testified that the agreement was read to him by Mr. Yarnold, and that he authorized Yarnold to sign it for him; that he could neither read nor write; that Yarnold told him "it was to work down in No. 3, and get the water out, and we would have plenty of money—all the money we wanted"; that he did not understand that he was to wait until the money came out of the mine. That Muir and Yarnold made these statements to Bowen is not disputed. It would appear from Bowen's testimony that the paper was read with running comments thereon, so that his assent to the contract and his direction to Yarnold to sign it for him were based, not upon the reading of the paper itself as it was in fact written, but were based upon the supposition that the paper contained and meant all that was said. We think the evidence was sufficient to justify the court in finding that Bowen did not make the contract set out in the answer of defendant, and in sustaining his lien. The court erred, however, in the allowance of $250 as an attorney's fee for foreclosing his lien. The allegation in the complaint is that $150 is a reasonable sum to be allowed for the foreclosure of Bowen's lien, and no more than that sum can be allowed.

As to plaintiffs Skym and Jones, the judgment and order appealed from should be reversed, with leave to amend their complaint; and, as to plaintiff Bowen, the judgment should be modified by reducing the allowance of attorneys' fees for foreclosing the lien to $150, and, as so modified, the judgment in his favor and the order denying a new trial as to his cause of action should be affirmed.

We concur: Searls, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed as to the plaintiffs Skym and Jones, with leave to amend their complaint; and, as to the plaintiff Bowen, the judgment is modified by reducing the allowance of attorneys' fees for foreclosing the lien to $150, and, as so modified, the judgment in his favor, and the order denying a new trial as to his cause of action, are affirmed.